Daniel A. Rizzi, Esq. (DR-7153)
Jessica Chiclacos, Esq. (JG-2534)
Nixon Peabody LLP
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
516-832-7594

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUILLERMO MACEDA,<br><br>                                    Plaintiff,<br><br>          - against -<br><br>TIFFANY & CO., INC.,<br><br>                                    Defendant. | **DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES**<br><br>11 Civ. 2732<br>(SLT) (ALC) |

Defendant Tiffany and Company (incorrectly identified in the caption as "Tiffany & Co., Inc.") ("Tiffany"), by its attorneys Nixon Peabody LLP, for its Answer to the Complaint filed by Plaintiff Guillermo Maceda ("Maceda"), alleges as follows:

**PRELIMINARY STATEMENT**

1.     Admits and avers that Maceda began working for Tiffany on June 11, 1990 and that he suffered an injury on or about December 1, 2006, but except as so admitted and averred, denies the allegations contained in Paragraph 1 of the Complaint.

2.     Denies the allegations contained in Paragraph 2 of the Complaint, and specifically denies that Tiffany engaged in discriminatory treatment of Maceda of any type, at any time.

3.     Denies the allegations contained in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Admits and avers that Maceda's claims were initially filed in state court, were removed to this federal court where jurisdiction and venue properly lie, but except as so admitted and averred, denies the allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5. Admits, upon information and belief, that Maceda is a 49 year-old male and avers that his Tiffany employment ceased effective December 2, 2010, but except as so admitted and averred, states that the allegations contained in Paragraph 5 of the Complaint state conclusions of law to which no responsive pleading is required or made.

6. Admits and avers that Tiffany is a New York Corporation whose principal place of business is located in New York City and that Tiffany employed Maceda from June 11, 1990 through December 2, 2010, but except as so admitted and averred, states that the allegations contained in Paragraph 6 of the Complaint state conclusions of law to which no responsive pleading is required or made.

## FACTUAL ALLEGATIONS

7. Admits and avers that Maceda began working for Tiffany on June 11, 1990 as a Facilities Day Custodian and remained in that position until on or about November 11, 1996, but except as so admitted and averred, denies the allegations contained in Paragraph 7 of the Complaint.

8. Admits and avers that on or about November 11, 1996, Maceda transferred to the position of Mailroom Clerk in Tiffany's mailroom located at 600 Madison Avenue, New York, New York, but except as so admitted and averred, denies the allegations contained in Paragraph 8 of the Complaint.

9. Admits and avers that on or about May 7, 2001, Maceda transferred to the position of Shipping and Receiving Representative located at Tiffany's Service Center in Queens, but except as so admitted and averred, denies the allegations contained in Paragraph 9 of the Complaint.

10. Denies the allegations contained in Paragraph 10 of the Complaint.

11. Admits, upon information and belief, that Maceda suffered a back injury while employed by Tiffany on or about December 1, 2006, but except as so admitted, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, except admits that Maceda requested and was provided accommodations by Tiffany respecting his back injury.

13. Admits the allegations contained in Paragraph 13 of the Complaint, and avers that Maceda was also responsible for placing checked merchandise into proper containers for shipment to various Tiffany stores and customers.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Admits and avers that Christopher Lockwood ("Lockwood") became Maceda's supervisor in or about February 2009, but except as so admitted and averred, denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Admits, upon information and belief, that Maceda had spine surgery on or about April 13, 2009, but except as so admitted, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Admits that Maceda returned to work on or about May 15, 2009, but except as so admitted, denies the allegation contained in Paragraph 20 of the Complaint.

21. Admits and avers that Maceda received a written Warning Notice on January 13, 2010 regarding his failure to comply with Tiffany's vacation policy, and refers the Court to said Warning Notice for its content (a copy of which is annexed hereto at Exhibit A), but except as so admitted and averred, denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Admits and avers that Lockwood approved Maceda's request to take vacation on January 7 and 8, 2010; that Lockwood denied Maceda's request to take additional vacation days

on January 5 and 6, 2010 because he had used all of his allotted vacation days for 2009 and because these two additional dates fell within Tiffany's annual vacation blackout period which prohibits employees from taking more than two vacation days in January; and that Maceda called in sick on January 6, 2010, but except as so admitted and averred, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Admits and avers that Lockwood believed that Maceda was not truthful respecting the reason for his absence on January 6, 2010 and issued Maceda a written Warning Notice on January 13, 2010 for Maceda's failure to comply with Tiffany's vacation policy, but except as so admitted and averred, denies the allegations contained in Paragraph 31 of the Complaint.

32. Admits and avers that Maceda received a written Warning Notice on September 27, 2010 for poor performance, including his inattention to detail and failure to properly secure customer merchandise and refers the Court to said Warning Notice for its content (a copy of which is annexed hereto at Exhibit B), but except as so admitted and averred, denies the allegations contained in Paragraph 32 of the Complaint.

33. Avers that the September 27, 2010 Warning Notice related to Maceda's poor performance, including his inattention to detail and failure to properly secure customer merchandise, but except as so averred, denies the allegations contained in Paragraph 33 of the Complaint.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

13484396.3

- 5 -

37. Denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Admits and avers that Maceda was issued a written Termination Notice on or about December 2, 2010 because, inter alia, he was responsible for misplacing a diamond and refers the Court to said Termination Notice for its content (a copy of which is annexed hereto at Exhibit C), but except as so admitted and averred, denies the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Admits and avers that Maceda was issued a Termination Notice on or about December 2, 2010 because, inter alia, he was responsible for misplacing a diamond, but except as so admitted and averred, denies the allegations contained in Paragraph 41 of the Complaint.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

44. Denies the allegations contained in Paragraph 44 of the Complaint, and specifically denies that Maceda was eligible for a severance package or for the payment of pension benefits as of the date of his termination, even though he is vested in the Tiffany pension plan.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

## CLAIMS FOR RELIEF

46. Denies the allegations contained in Paragraph 46 of the Complaint.

47. Denies the allegations contained in Paragraph 47 of the Complaint.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

52. Denies the allegations contained in Paragraph 52 of the Complaint.

## PRAYER FOR RELIEF

The "WHEREFORE" paragraphs which immediately follow Paragraph 52 of the Complaint state a prayer for relief to which no responsive pleading is required but, should a response be required, Tiffany denies that Maceda is entitled to any relief whatsoever.

## GENERAL DENIAL

Tiffany denies each and every allegation not specifically admitted herein.

## GENERAL DEFENSE

Maceda's discrimination claims must be dismissed because he has not demonstrated, and cannot demonstrate, that Tiffany's decisions and actions in this case were a pretext for discrimination in nature.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims are barred to the extent that they were not filed within the applicable statutes of limitations and/or administrative filing periods.

## THIRD AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the principles of waiver, estoppel, and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

The claims are barred to the extent that Maceda failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

## FIFTH AFFIRMATIVE DEFENSE

Tiffany did not encourage, condone or approve of any discriminatory conduct as alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Maceda may be considered to have a "disability" within the meaning of any of the statutes referenced in the Complaint, Tiffany took appropriate steps to reasonably accommodate such a "disability."

## SEVENTH AFFIRMATIVE DEFENSE

Maceda's "failure to reasonably accommodate" claims are barred because he failed to timely engage in an "interactive process" with Tiffany and failed to timely submit supporting documentation respecting his requested accommodations.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to Section 8-107(13)(d)(1) and (2) of the New York City Human Rights Law, Tiffany has established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and independent contractors, and has a record of no, or relatively few, prior incidents of discriminatory conduct by such employees, agents or independent contractors.

### NINTH AFFIRMATIVE DEFENSE

Tiffany hereby pleads all affirmative defenses made available to it by the provisions of the New York City Human Rights Law, including those referenced in and encompassed by Sections 8-126 (a) and (b) of the Act.

### TENTH AFFIRMATIVE DEFENSE

Maceda is not entitled to punitive damages because at no time did Tiffany engage in any discriminatory practice or conduct with malice or reckless indifference to Maceda's rights. To the contrary, Tiffany made a good-faith effort to comply with its obligations under the applicable discrimination statute(s).

### ELEVENTH AFFIRMATIVE DEFENSE

The claims must be dismissed because Tiffany exercised reasonable care to prevent and to promptly correct alleged discriminatory conduct.

### TWELFTH AFFIRMATIVE DEFENSE

The claims must be dismissed because Maceda unreasonably failed to take advantage of the preventive and corrective opportunities provided by Tiffany, or to avoid his alleged harm otherwise.

### THIRTEENTH AFFIRMATIVE DEFENSE

The relief sought herein is barred to the extent that Maceda has failed to take reasonable steps to mitigate his damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Maceda's claims for compensatory and/or punitive damages are barred in whole or in part by the United States Constitution and/or other governing statutes and legal precedent.

## RESERVATION OF RIGHTS

Tiffany reserves the right to assert such additional affirmative defenses that may become applicable during the course of this action.

**WHEREFORE,** Defendant Tiffany and Company, respectfully requests judgment dismissing the Complaint in its entirety, an award an award of the costs and disbursements it incurs in this action, including reasonable attorney's fees, and such other relief as the Court deems just and proper.

Dated: July 13, 2011
      Jericho, New York

 

**NIXON PEABODY LLP**

By:  /S/ Jessica Chiclacos, Esq.
      Daniel A. Rizzi, Esq. (DR-7153)
      Jessica Chiclacos, Esq. (JG-2534)

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500
drizzi@nixonpeabody.com
jchiclacos@nixonpeabody.com
Attorneys for Defendant
  Tiffany and Company

To:  Joshua Beldner, Esq.
      The Law Office of Steven A. Morelli, P.C.
      1461 Franklin Avenue
      Garden City, New York 11530
      (516) 393-9151
      Attorneys for Plaintiff Guillermo Maceda

# EXHIBIT A

#06753

T4

TO: GUILLERMO MOLEDA    WARNING NOTICE    ☒ Job Performance-Related
Employee Name    6753    ☒ Conduct-Related
        Employee Number    Location/Company: TSC

DATE: 1/13/10

**BECAUSE OF YOUR WORK PERFORMANCE AND OR CONDUCT YOU ARE AT RISK OF LOSING YOUR JOB. A COPY OF THIS WARNING NOTICE WILL BE PLACED IN YOUR OFFICIAL PERSONNEL FILE.** The specific job performance deficiencies or conduct issues, which you must promptly address, are listed on the attached pages. This warning will remain in effect for twelve (12) working months following the date written above. If during that twelve-month period your job performance should in any way fall below expectations or if there are any conduct related issues your employment may be terminated without the issuance of another Warning Notice.

| Employee Level | Management Approval | HR Approval |
|---|---|---|
| Manager or below | Employee's Manager: [signature]<br>Name: CHRISTOPHER LOCKWOOD<br>Title: MGR, OUTBOUND OPS  Date: 1/13/10<br>Next Level Management: [signature]<br>Name: KATHRYN MAHER<br>Title: DIRECTOR, OPERATIONS  Date: 1/13/10 | HR Manager: [signature]<br>Name: Kathy Grant<br>Title: Manager, HR  Date: 1/15/10 |
| Director/<br>Group Director | Employee's Manager:<br>Name:<br>Title:  Date:<br>Next Level Management:<br>Name:<br>Title:  Date: | HR Manager:<br>Name:<br>Title:  Date: |
| Vice President and above | Employee's Manager:<br>Name:<br>Title:  Date:<br>Next Level Management:<br>Name:<br>Title:  Date: | HR Manager:<br>Name:<br>Title:  Date: |
| Warning with Suspension | Number of unpaid days: _____ | |
| Warning with Transfer and Demotion | Receiving Manager:<br>Name:<br>Title:  Date: | Next Level Management:<br>Name:<br>Title:  Date: |

Issued by: [signature]    Witnessed by: [signature]    Number of Pages Attached: 1
Name: CHRISTOPHER LOCKWOOD    Name: ADRIAN NINA
Title: MGR, OUTBOUND OPS  Date: 1/15/10    Title: OPS ASSISTANT MANAGER  Date: 1/15/10

Receipt Acknowledged by Employee: _____    Date: _____

EMPLOYEE REFUSED TO SIGN IMMEDIATELY
[signature] 1/15/10

05/01/07

#06753 T4

On 12/30/09, you requested two additional vacation days, Jan.5th and 6th, 2010, which exceeded the permissible time allowed during our annual "black-out" period. Additionally, you did not have any vacation days available having previously exhausted your vacation allotment. You asked to schedule sick days to compensate for these days off, but this was denied because sick days may not be scheduled for such purposes. You subsequently called out sick on Jan.6th, 2010 which was the day prior to two approved days off and a day that was previously denied.

The TSC's vacation policy clearly limits vacation time to two days in each of the months of November through January due to the increased business volume. In both 2007 and 2008, as well as some prior years, you requested to take extended vacation time during this aforementioned limited vacation period, and each time you were denied. At each point, management clearly discussed the vacation policy with you, yet you have repeatedly attempted to take extra vacation time nearly every year. This point was noted in your 2006 PMP as well.

As a member of the TSC staff, you are expected to follow the Company's and Facility's policies. As a result of your repeated attempts to circumvent policy and the unscheduled and unexcused absence you took after being denied a vacation request, you are being issued a Warning notice. Failure to follow policies and procedures may lead to further disciplinary action, up to and including termination of employment.

# EXHIBIT B

T4

☑ Job Performance-Related
☐ Conduct-Related

**WARNING NOTICE**

TO: _GUILLERMO MACEDA_     _6753_     Location/Company: _TSC_
    Employee Name            Employee Number

DATE: _9/27/10_

BECAUSE OF YOUR WORK PERFORMANCE AND OR CONDUCT YOU ARE AT RISK OF LOSING YOUR JOB. A COPY OF THIS WARNING NOTICE WILL BE PLACED IN YOUR OFFICIAL PERSONNEL FILE. The specific job performance deficiencies or conduct issues, which you must promptly address, are listed on the attached pages. This warning will remain in effect for twelve (12) working months following the date written above. If during that twelve-month period your job performance should in any way fall below expectations or if there are any conduct related issues your employment may be terminated without the issuance of another Warning Notice.

| Employee Level | Management Approval | HR Approval |
|---|---|---|
| Manager or below | Employee's Manager: [signature]<br>Name: _CHRISTOPHER LOCKWOOD_<br>Title: _MGR, OUTBOUND OPS_ Date: _9/27/10_<br>Next Level Management: [signature]<br>Name: _KATHRYN KRAUER_<br>Title: _DIRECTOR, OPERATIONS_ Date: _9/27/10_ | HR Manager: [signature]<br>Name/Title: _Kathleen Grant_ Date: _9/29/10_<br><br>Name:<br>Title: Date: |
| Director/<br>Group Director | Employee's Manager: ___<br>Name:<br>Title:   Date:<br>Next Level Management: ___<br>Name:<br>Title:   Date: | HR Manager: ___<br><br>Name:<br>Title:   Date: |
| Vice President and above | Employee's Manager: ___<br>Name:<br>Title:   Date:<br>Next Level Management: ___<br>Name:<br>Title:   Date: | HR Manager: ___<br><br>Name:<br>Title:   Date: |
| Warning with Suspension | Number of unpaid days: ___ | |
| Warning with Transfer and Demotion | Receiving Manager: ___<br>Name:<br>Title:   Date: | Next Level Management: ___<br>Name:<br>Title:   Date: |

Issued by: [signature]   Witnessed by: ___            Number of Pages Attached: _1_
Name: _CHRISTOPHER LOCKWOOD_  Name:
Title: _MGR, OUTBOUND OPS_  Date: _10/11/10_  Title:   Date:

Receipt Acknowledged by Employee: _[signature]_    Date: _10-11-10_

05/01/07

TO: Guillermo Maceda
FROM: Chris Lockwood
SUBJECT: Warning Notice
DATE: 9/27/10
CC: Kathryn Maher

You are being issued a Warning notice in regards to your attention to detail and ensuring proper merchandise security.

On 6/25/10, you closed order 600364 - 5/27/10, which contained two rings. Your closeout log did not indicate multiple items in this order. The customer received her order on 7/2/10 and reported that she only received one ring. At the time, the customer's other ring was not located and had to be replaced at the company's expense.

Subsequently, the customer's original ring was found amongst discarded ziploc bags which are removed at Closeout.

Your failure to ensure proper quantities of an order and order accuracy procedures resulted in a difficult customer situation and a financial loss to the company.

It is imperative that you show improvement in your attention to detail and following processes. Failure to show the necessary improvement may lead to further disciplinary action, up to and including termination of employment.

# EXHIBIT C

**Employee Job Action Form**
☐ Correcting EJA

Company Name: TCO

**Employee Information**

Employee ID: 26753
Last Name: MACEDA
First Name: GUILLERMO
Effective Date of Action: 12/03/2010

Location: TSC
Department: 1215223 OPERATIONS

**Form Submitted by:**
Print Name: CHASE LOCKWOOD
Phone/Extension: 2118
Date Form Completed: 12/2/2010

**Action(s):**
☐ Hire  ☐ Rehire  ☐ Transfer  ☐ Promotion  ☐ Demotion  ☐ Pay Rate Change only
☐ Commence/Return Leave  ☐ Intermittent Personal Leave  ☒ Termination  ☐ Termination w/Pay  ☐ Retirement

Reason for EJA Action: USP

Section V:
☐ Voluntary  ☒ Involuntary
Last Day Worked: 12/2/10

Eligible for Rehire: ☐ Yes  ☐ No, insufficient notice given  ☒ No, Performance/Conduct issues formally addressed with employee while employed

Vacation hours: 0
Accrued hours owed: 7.5

Approvals: 12/2/10

TO: Guillermo Maceda
FROM: Chris Lockwood
SUBJECT: Termination Notice
DATE: 12/2/2010

You were issued a Warning Notice on 9/27/10 outlining the need for you to improve your attention to detail and ensuring merchandise security.

On 11/11/10, you closed out order 618180-10/7/10. The special instructions of the order clearly stated that a chipped stone that was being replaced needed to be returned to the customer. When the store received the order on 11/13 and presented the order to the customer, the stone was not included, causing a customer issue. The stone was subsequently found on 11/21/10 in an empty order tray in the Repair Services area at the TSC. This indicates you did not follow the special instructions and ensure the stone was returned.

As a result of your lack of improvement in attention to detail, your employment with Tiffany and Company is terminated effective immediately.